UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| SANDRA N. SERBACK, | ) | Case No. 1: 13 CV 1413 |
| | ) | |
| Plaintiff, | ) | JUDGE DONALD C. NUGENT |
| vs. | ) | |
| | ) | MEMORANDUM OPINION |
| GREATER CLEVELAND REGIONAL | ) | AND ORDER |
| TRANSIT AUTHORITY, | ) | |
| | ) | |
| Defendant. | ) | |

This matter is before the Court on Defendant's Motion for Summary Judgment. (ECF #24). For the reasons that follow, Defendant's Motion for Summary Judgment is denied.

Plaintiff Sandra Serback brings this action against her former employer Greater Cleveland Regional Transit Authority ("RTA") alleging race and sex discrimination and retaliation in violation of Title VII of the Civil Rights Act of 1964 and Ohio Revised Code § 4112.02. Plaintiff asserts that she was a victim of reverse race or sex discrimination and that she was subjected to a hostile work environment. She further claims that she was retaliated against after filing her first EEOC charge. Plaintiff alleges that the work place harassment she suffered was so severe that she was constructively discharged.

Defendant has moved for summary judgment arguing that Plaintiff cannot establish a prima facie case of reverse race discrimination, or of hostile work environment discrimination or of retaliation under either federal or state law or that she was constructively. However, Defendant's arguments raise factual issues that preclude entry of summary judgment.

Alternatively, Defendant argues that Plaintiff's federal discrimination claims are time

barred.[1] Specifically, Defendant points to Plaintiff's identification of 5 days in May of 2009 where she was required to work alone at night. Plaintiff filed her EEOC charge on June 23, 2011, more than 300 days after May 2009. Under Title VII, a complainant must file a charge with the EEOC within 180 days of the alleged discriminatory conduct, or 300 days if the plaintiff notifies a parallel state agency of her charge. 42 U.S.C. § 2000e-5; 29 U.S.C. § 626(d)(1). To the extent that Plaintiff seeks to recover for discrete acts of alleged discrimination, only those acts occurring within 300 days of the date that Plaintiff filed her charge with the EEOC are actionable under Title VII. *National R.R. Passenger Corp. v. Morgan*, 536 U.S. 101.110 (2002) ("A discrete retaliatory or discriminatory act "occurred" on the day that it "happened." A party, therefore, must file a charge within either 180 or 300 days of the date of the act or lose the ability to recover for it.")

However, as Defendant recognizes, Plaintiff has alleged a hostile work environment. An employee can recover on a hostile work environment theory for acts occurring more than 300 days before a charge was filed with EEOC, as long as those acts were part of the same hostile work environment and at least one occurred within the 300-day period. *Id.* at 117 ("A hostile work environment claim is composed of a series of separate acts that collectively constitute one "unlawful employment practice." 42 U.S.C. § 2000e–5(e)(1). The timely filing provision only requires that a Title VII plaintiff file a charge within a certain number of days after the unlawful

---

[1] The retaliation claim would not be time barred because all of the alleged acts of retaliation occurred within the statutory time frame. Only the five dates in May 2009 mentioned by Plaintiff in her deposition that she was required to work alone at night and her alleged exclusion from the December 2009 vacation pick fall outside the statutory time frame.

2

practice happened. It does not matter, for purposes of the statute, that some of the component acts of the hostile work environment fall outside the statutory time period. Provided that an act contributing to the claim occurs within the filing period, the entire time period of the hostile environment may be considered by a court for the purposes of determining liability.")

In this case some of the alleged discriminatory acts alleged by Plaintiff that contribute to the alleged hostile work environment fall within the statutory time frame. As such, Plaintiff's hostile work environment claim is not time barred.

Accordingly, Defendant's Motion for Summary Judgment is denied. Trial remains set for June 9, 2014 at 8:30 a.m.

IT IS SO ORDERED.

DATED: May 8, 2014

*/s/ Donald C. Nugent*
DONALD C. NUGENT
UNITED STATES DISTRICT JUDGE